IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JANARI L. MCKINNIE,

                                            OPINION and ORDER

                 Plaintiff,

                                            09-cv-188-bbc

      v.

MARK HEISZ, BRAD WOLFGRAM,
ALAN MORRIS, JANEL NICKEL
and GREG GRAMS,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this prisoner civil rights case, plaintiff Janari L. McKinnie is proceeding on a failure to protect claim against defendants.  On December 3, plaintiff submitted a document in which he states that prison staff is delaying delivery of documents he sent to be copied and has interfered with and even stolen plaintiff's mail.  I construe this document as a request for preliminary injunctive relief.  However, I must deny plaintiff's motion because it does not comply with the court's procedures for obtaining a preliminary injunction, a copy of which I have attached to this order.  Under these procedures, plaintiff must file with the court and serve on defendants proposed findings of fact supporting his claim, and submit with his proposed findings of fact any evidence he has to support his request for relief.

1

Further, I note that even had plaintiff complied with the court's procedures for obtaining a preliminary injunction, I would have denied his motion because plaintiff has failed to show that this is one of the rare situations in which the court must intervene because defendants are actively and physically blocking plaintiff from coming to court or defending against a motion. Plaintiff complains about prison staff delaying in making copies of documents such as interrogatories, but it seems that plaintiff sent in these documents to the court only days later. Plaintiff does not show that prison officials are hampering his ability to bring this lawsuit.

ORDER

IT IS ORDERED that plaintiff's motion for preliminary injunctive relief, dkt. #75, is DENIED.

Entered this 16th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR INJUNCTIVE RELIEF

> *NOTE WELL:* **It is the duty of the parties to present to the court, in the manner required by this procedure, all facts and law necessary to the just, speedy and inexpensive determination of this matter. The court is not obliged to search the record for facts or to research the law when deciding a motion for injunctive relief.**

### I.  NOTICE

A.  It is the movant's obligation to provide **actual** and **immediate** notice to the opposing party of the filing of the motion and of the date set for a hearing, if any.

B.  The movant must serve the opposing party **promptly** with copies of all materials filed.

C.  Failure to comply with provisions A and B may result in denial of the motion for this reasons alone.

### II.  MOVANT'S OBLIGATIONS

A.  It is the movant's obligation to establish the factual basis for a grant of relief.

   1.  In establishing the factual basis necessary for a grant of the motion, the movant must file and serve:

      (a)  A stipulation of those facts to which the parties agree; or

      (b)  A statement of record facts proposed by the movant; or

      (c)  A statement of those facts movant intends to prove at an evidentiary hearing; or

      (d)  Any combination of (a), (b) and (c).

   2.  Whether the movant elects a stipulation or a statement of proposed facts, it is the movant's obligation to present a precisely tailored set of factual propositions that movant considers necessary to a decision in the movant's favor.[1]

      (a)  The movant must set forth each factual proposition in its own separately numbered paragraph.

      (b)  In each numbered paragraph the movant shall set cite

---

[1] These factual propositions must include all basic facts necessary to a decision on the motion, including the basis for this court's jurisdiction, the identity of the parties and the background of the parties' dispute. The movant should not include facts unnecessary to deciding the motion for injunctive relief.

3

        with precision to the source of that proposition, such as pleadings,[2] affidavits,[3] exhibits, deposition transcripts, or a detailed proffer of testimony that will be presented at an evidentiary hearing.

B.    The movant must file and serve all materials specified in II. A with the movant's supporting brief.

D.    If, the court concludes that the movant's submissions do not comply substantially with these procedures, then the court, at its sole discretion, may deny summarily the motion for injunctive relief, cancel any hearing on the motion, or postpone the hearing.

### III. RESPONDENT'S OBLIGATIONS

A.    When a motion and supporting materials and brief have been filed and served in compliance with Section II, above, the opposing respondent(s) shall file and serve the following:

    1.    Any affidavits or other documentary evidence that the respondent chooses to file and serve in opposition to the motion.

    2.    A response to the movant's statement of proposed findings of fact, with the respondent's paragraph numbers corresponding to the movant's paragraph numbers.

        (a)    With respect to each numbered paragraph of the movant's proposed findings of fact, each respondent shall state clearly whether the proposed finding is not disputed, disputed, or disputed in part. If disputed in part, then the response shall identify precisely which part is disputed.

        (b)    For each paragraph disputed in whole or in part, the response shall cite with precision to the evidentiary matter in the record or to the testimony to be presented at the hearing that respondent contends will refute this factual proposition.

B.    The response, in the form required by III A., above, shall be filed and served together with a brief in opposition to the motion for injunctive relief no later than the date set by the court in a separately issued briefing schedule.

---

[2] The pleadings, however, are not evidence. Therefore, the movant may use the pleadings as a source of facts *only if* all parties to the hearing stipulate to these facts on the record.

[3] Affidavits must be made on personal knowledge setting forth facts that would be admissible in evidence, including any facts necessary to establish admissibility.

4

    C.    There shall be no reply by the movant.

## IV. HEARING

If the court determines that a hearing is necessary to take evidence and hear arguments it shall notify the parties promptly.  It is each party's responsibility to ensure the attendance of its witnesses at any hearing.

11/24/2008