IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JANARI L. MCKINNIE,

        Plaintiff,

v.

                                        ORDER

MARK HEISZ, BRAD WOLFGRAM, ALAN        09-cv-188-bbc
MORRIS, JANEL NICKEL, ANTHONY
ASHWORTH, LESLIE WINSLOW-STANLEY,
GREG GRAMS, DAHLIA SULIENE, STEVE
HELGERSEN and SANDRA SITZMAN,

        Defendants.

---

Before the court is defendants' motion to compel plaintiff's responses to their discovery requests. Defendants seek more complete responses to their Interrogatories 2, 7 and 9 and their requests for production of documents (RFPs) 1, 2 and 3. Although plaintiff has not responded to defendants' motion to compel, he filed a response to defendants' December 8, 2009 letter to him regarding the discovery requests. Attached to this response is a letter from Shawn Pierce, who had assisted plaintiff with his discovery responses.

Interrogatory 2 asked plaintiff to state the content of the testimony of the individuals he plans to call at trial. Plaintiff responded that "they will talk about the case as they know it." Defendants object to the vagueness of this response. In his letter, Pierce states that he and plaintiff will testify about how they were treated and that the other witnesses will testify about how the defendants violated their rights in a similar matter. This still is not enough of a disclosure. At this stage in the case, plaintiff does not have to give defendants chapter and verse, but he must give them at least an overview of his version of events along with an overview of what the other witnesses are going to say about how they were treated.

In interrogatory 7, defendants asked plaintiff to identify conversations he had with defendants concerning the events in his complaint. Plaintiff responded that he did not understand this interrogatory because the majority of the allegations in his complaint had been dismissed. In their December 8, 2009 letter defendants clarified that this interrogatory concerned only plaintiff's remaining failure to protect claim. Pierce responds that he had no conversations with defendants concerning this claim. You can disclose what doesn't exist; therefore, this response to interrogatory 7 is adequate.

Defendants asked plaintiff in interrogatory 9 to identify those individuals to whom he has sent any documents related to this case. Plaintiff responded that he did not understand this interrogatory. Pierce responds that plaintiff told hm that he sent some documents to a family member. This is not enough: plaintiff will have to identify the individuals other than Shawn Pierce, to whom he sent documents related to this case, the documents he sent, the date of those documents and the date he sent them.

Defendants' RFP 1 asks plaintiff produce the documents identified in interrogatory 9. It is possible that plaintiff does not have these documents in his possession. However, if he does, he must produce them.

Defendants' RFPs 2 and 3 seek the personal journals of plaintiff and Pierce. In his letter, Pierce states that plaintiff has submitted the pages of his journal that he has in his possession. Also, Pierce states that he has submitted the pages of his journal that are relevant to McKinnie's claims. At this point, this seems to be an adequate response.

2

ORDER

IT IS ORDERED that:

1. Defendants' motion to compel, dkt. 98, is GRANTED as to interrogatories 2 and 9 and RFP 1. Plaintiff shall provide this information to defendants no later than January 18, 2010.

2. In all other respects, defendants' motion to compel is DENIED.

Entered this 29th day of December, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge